| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY STATE OF COLORADO**<br>1437 Bannock Street<br>Denver, CO 80202<br><br>**Plaintiffs**: FRANKLIN D. AZAR & ASSOCIATES, P.C., a Colorado Corporation; and FRANKLIN D. AZAR,<br><br>**v.**<br><br>**Defendant:** EXECUTIVE RISK INDEMNITY, INC., a Delaware Corporation.<br><br>*Attorneys for Plaintiffs:*<br>Marc R. Levy, #11372<br>Matthew W. Hall, #41101<br>Levy Law, P.C.<br>9781 S. Meridian Blvd., Suite 200<br>Englewood, CO 80112<br>Telephone: (303) 796-2900<br>Facsimile: (303) 796-2081<br>mlevy@levytrial.com<br>mhall@levytrial.com | DATE FILED: April 29, 2022 2:24 PM<br>FILING ID: D0F0F79012473<br>CASE NUMBER: 2022CV31196<br><br><br><br>▲COURT USE ONLY▲<br>_____<br><br>Case Number:<br><br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiffs, Franklin D. Azar & Associates, P.C. and Franklin D. Azar, by and through their attorneys, Levy Law, Professional Corporation, hereby submit their Complaint and Jury Demand, and allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Franklin D. Azar & Associates, P.C. ("FDA") is a Colorado corporation with its principal place of business located at 14426 East Evans Avenue, Aurora, Colorado.

2. Plaintiff, Franklin D. Azar ("Azar") is a Colorado resident with his principal place of business located at 14426 East Evans Avenue, Aurora, Colorado.

3. Upon information and belief, Defendant Executive Risk Indemnity, Inc. ("ERI"), is a Delaware insurance company with its principal place of business located at 202B Halls Mill Road,

EXHIBIT B

Whitehouse Station, New Jersey 08889.  Upon information and belief, ERI is authorized to conduct business in the State of Colorado.

4. This Court has jurisdiction over this matter pursuant to C.R.S. §13-1-124(1).

5. Venue is proper in Denver County District Court pursuant to C.R.C.P. 98(c).

## GENERAL ALLEGATIONS

6. This action arises from the wrongful and unreasonable delay, failure, and refusal of ERI to defend their insureds, FDA and Azar, against claims asserted against them by Ivy Ngo, in Case No. 2020CV30785 (District Court for the City and County of Denver).

**The Claims**

7. Ivy Ngo is a former employee of FDA.  On October 22, 2020, Ms. Ngo filed Counterclaims against FDA and Azar (the "Claims").

8. The Claims asserted the following claims for relief:  Declaratory Judgment related to the Employment Agreement and Restrictive Covenant Agreement; False Advertising under 15 U.S.C. §1125(a); Defamation *Per Se*; Tortious Interference with Prospective Business Advantage; Unjust Enrichment; and Violation of the Colorado Consumer Protection Act.

9. Ivy Ngo sought a variety of damages from FDA and Azar, including declaratory judgment, compensatory damages, pre- and post-judgment interest, and attorney fees and costs.

10. The Claims trigger coverage under the terms of ERI's policy.

**ERI's Policy of Insurance**

11. ERI issued an Employment Practices Liability Insurance Policy for Law Firms, Policy Number 8255-1026 (the "Policy") to FDA.

12. Pursuant to the Policy, Defendant agreed to defend and indemnify Plaintiffs against any claims which alleged facts that fall within the scope of the Policy.  Defendant's duty to defend and indemnify includes the duty to pay Plaintiffs' attorney fees and costs incurred to defend against a covered claim.

**ERI's Wrongful Failure and/or Refusal to Provide Coverage**

13. Plaintiffs properly and timely tendered the defense of the Claims to ERI.

14. On December 18, 2020, ERI advised Plaintiffs that coverage was available to Plaintiffs only for Ngo's claims of defamation.

15. On December 18, 2020, ERI advised Plaintiffs that 10% of the total defense costs incurred would be covered under the policy and that the remaining 90% would remain the responsibility of the insureds.

16. Colorado law does not permit an insurer to provide a partial defense to an insured. If a duty to defend exists as to any claim in a lawsuit, the insurer is obligated to provide a complete defense.

17. ERI owed Plaintiffs a duty to defend the Claims under the Policy because the Claims contain allegations that constitute covered claims that fall within the scope of the Policy.

18. ERI's wrongful and unreasonable denial has injured and will continue to injure Plaintiffs.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

19. Plaintiffs hereby incorporate all prior allegations as though fully set forth herein.

20. Defendant issued an insurance policy to FDA. This contract requires Defendant to pay the defense costs Plaintiffs have and will incur in connection with the Claims, the allegations of which fall within the scope of the Policy.

21. Defendant breached the Policy by failing and refusing to fulfill its duty and obligation to defend Plaintiffs.

22. Plaintiffs have incurred significant defense costs in connection with defending the Claims, and continue to incur such costs, including attorney fees.

23. Plaintiffs have suffered damages in an amount to be determined at trial.

24. Plaintiffs have satisfied all conditions precedent to recovery under the Policy.

### SECOND CLAIM FOR RELIEF
### (Common Law Bad Faith)

25. Plaintiffs hereby incorporate all prior allegations as though fully set forth herein.

26. The Policy contains an implied covenant of good faith and fair dealing under which Defendant agreed to treat Plaintiffs fairly, honestly, and in good faith, faithfully perform its duties

under the Policy, and do nothing to impair, interfere, hinder, or potentially injure Plaintiffs' rights to receive the benefits of the Policy.

27. Defendant breached its duties of good faith and fair dealing by failing and refusing to fulfill its duty to defend Plaintiffs under the Policy against the Claims, and pay Plaintiffs' defense costs with knowledge or in reckless disregard of the fact that its conduct was unreasonable.

28. As a result of Defendant's bad faith breach of the Policy, Plaintiffs have suffered and will continue to suffer damages in an amount to be established at trial.

29. The injuries resulting from Defendant's bad faith breach of insurance contract are attended by circumstances of malicious and willful and wanton conduct, entitling Plaintiffs to an award of exemplary damages against Defendant. Accordingly, Plaintiffs reserve the right to amend their Complaint at the appropriate time to assert a claim for punitive damages.

### THIRD CLAIM FOR RELIEF
(Violation of C.R.S. §10-3-1115, 1116)

30. Plaintiffs hereby incorporate all prior allegations as though fully set forth herein.

31. Defendant is engaged in the business of insurance.

32. Plaintiffs are first-party claimants within the meaning of C.R.S. §10-3-1115 because Plaintiffs are asserting entitlement to coverage benefits Defendant owes under the Policy.

33. Defendant unreasonably delayed, failed, and has refused payment of claims for benefits owed to Plaintiffs by refusing to defend Plaintiffs against, and pay all defense costs incurred by Plaintiffs in connection with, the Claims as required by the Policy. Such delay, failure, and refusal has amounted to a denial of payment of claims under the Policy.

34. Defendant's delay, failure, and refusal of payment was unreasonable because they delayed, failed, and refused payment of a covered benefit without a reasonable basis.

35. Plaintiffs have suffered injury as a result of Defendant's unreasonable delay, failure, and refusal to pay benefits in an amount to be established at trial.

36. Pursuant to C.R.S. §10-3-1116, Plaintiffs are entitled to an award of two times the covered benefit and attorney fees and costs from Defendant.

### FOURTH CLAIM FOR RELIEF
(Declaratory Judgment)

37. Plaintiffs incorporate all prior allegations as though set forth fully herein.

38. An actual, justiciable controversy exists between Plaintiffs and Defendant due to Defendant's refusal to provide a complete defense to the Claims brought against Plaintiffs.

39. Plaintiffs have an interest in the insurance contract, and their rights, status and obligations are affected by the contract.

40. An order from the Court declaring the rights and obligations of the parties with respect to Defendant's obligation to provide Plaintiffs with a complete defense will fully resolve the controversy as to the issue of whether Defendant owes Plaintiffs a complete defense as required under Colorado law.

41. Accordingly, Plaintiffs seek a judicial determination of the rights and obligations of each party under the insurance contract, and specifically seek a determination that Defendant is obligated to provide Plaintiffs with a complete defense to the Claims brought against Plaintiffs.

WHEREFORE, Plaintiffs pray the Court enter judgment in their favor and against Defendant as follows:

a. An award of compensatory damages in connection with the claims asserted;

b. Damages in an amount of two times the covered benefit under the Policy pursuant to C.R.S. § 10-3-1116;

c. Attorney fees as may be allowed by law;

d. Costs of suit herein incurred;

e. Pre- and post-judgment interest as allowed by law;

f. A declaratory judgment clarifying Defendant's obligation to provide Plaintiffs with a complete defense to the Claims against them, and

g. Such other relief as the Court deems just and appropriate.

## JURY DEMAND

**PLAINTIFFS REQUEST TRIAL TO A JURY OF SIX (6) PERSONS ON ALL ISSUES SO TRIABLE.**

Dated this 29th day of April, 2022.

Respectfully submitted,

*Original signature on file at the offices of
Levy Law, Professional Corporation*


By: /s/*Marc R. Levy*
    Marc R. Levy, #11372
    Matthew W. Hall, #41101
    LEVY LAW
    Professional Corporation
    9781 S. Meridian Blvd., #200
    Englewood, CO 80112
    Phone: (303) 796-2900
    Fax:    (303) 796-2081
    Email: mlevy@levytrial.com
           mahall@levytrial.com

    *Attorney for Plaintiffs*

Plaintiffs' Address:
14426 East Evans Avenue
Aurora, Colorado 80014