IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:22-cv-01381-RMR-NRN

FRANKLIN D. AZAR & ASSOCIATES, P.C., a Colorado Corporation; and
FRANKLIN D. AZAR, an individual,

    Plaintiffs,

v.

EXECUTIVE RISK INDEMNITY, INC., a Delaware Corporation,

    Defendant.

## ORDER

This matter is before the Court on Defendant's Objection to the Magistrate Judge's June 28, 2023 Order, ECF No. 87, granting a Motion for Reconsideration and ordering an *in camera* review of certain discovery documents. The Order in question addressed whether and to what degree the Azar Firm should be entitled to review allegedly attorney-client privileged communications between the Insurer and its litigation counsel. For the following reasons, the Objection, ECF No. 87 is **OVERRULED** and Magistrate Judge Neureiter's June 28, 2023 Order, ECF No. 85 is **AFFIRMED**.

### I.    BACKGROUND

The factual background of this case is more fully laid out in the Magistrate Judge's Order Granting Reconsideration. *See* ECF No. 85 at 4-8. Therefore, the factual

background is incorporated herein by reference and is re-stated only as necessary for this Order.

At the center of this discovery dispute is a December 14, 2022 correspondence from Defendant's litigation counsel to Plaintiffs, which also included a check for $457,597 (the "December 2022 Letter"). The December 2022 Letter stated it was a settlement communication under Rule 408 and purported to reserve all of Defendant's rights, including reserving Defendant's position that only expenses to defend the former employee's defamation counterclaim were compensable under the Policy. Two weeks prior to the December 2022 Letter, Defendant made a separate settlement offer to Plaintiffs for the same amount.

Given the close proximity and the content of the communications, it was unclear to Plaintiffs whether the December 2022 Letter was a settlement offer or payment of defense expenses. Plaintiffs sought clarification and were told by a different lawyer for Defendant, Alec Boyd, that the December 2022 Letter was payment of defense costs reimbursement and cashing of the check would not effectuate a full and final settlement of the action. Plaintiffs did not cash the check.

Defendant later issued an expert report citing the December 2022 Letter and tender of the check as evidence of Defendant's good faith conduct regarding handling of the claim. Plaintiffs assert this opinion places the circumstances surrounding the issuance of this check and Defendant's motivation at issue. Thus, Plaintiffs seek discovery on the decision-making, reasons for tendering the check, and the calculations involved. Defendant asserts such documents constitute attorney-client communications and should

be protected from discovery. Plaintiffs counter that the documents are not privileged to the extent Defendant's attorneys were engaged in claims handling activities and, even if privileged, Defendant has waived that privilege under the sword-shield doctrine. Accordingly, Plaintiffs asked Magistrate Judge Neureiter to either: (1) preclude Defendant from introducing the December 2022 Letter and tender of check as evidence of good faith because it would violate the sword-shield doctrine, or (2) compel discovery under the theory that Defendant's litigation counsel acted as an insurance adjuster such that the relevant information is not privileged.

Magistrate Judge Neureiter initially denied Plaintiffs' motion to compel access to the allegedly attorney-client privileged communications related to the December 2022 Letter and provision of the check. ECF No. 58. Magistrate Judge Neureiter reasoned that the deposition of Defendant's claim adjuster supervisor, which had not yet occurred, could potentially provide the answers that Plaintiffs sought. Plaintiffs thereafter took the deposition of the supervisor. That deposition yielded no useful answers, as the supervisor claimed to have no knowledge of the December 2022 Letter or the tender of the check. Accordingly, Plaintiffs sought reconsideration of Magistrate Judge Neureiter's order denying the motion to compel. ECF No. 60.

On June 28, 2023, Magistrate Judge Neureiter granted the Motion for Reconsideration, finding that the supervisor's inability to provide answers during his deposition constituted a changed circumstance justifying reconsideration. ECF No. 85. Magistrate Judge Neureiter ruled that (1) Defendant has waived, under the sword-shield doctrine, claims of attorney-client or attorney work privilege surrounding internal

3

communications regarding issuance of the claim payment check and calculation of the amount and (2) to the extent that the calculations of the amount of the check were done by counsel, then counsel was acting as a claims handler, and not an attorney in connection with such calculations and such calculations or related documents would not be privileged under *Menapace v. Alaska National Ins. Co.*, 20-cv-00053-REB-STV, 2020 WL 6119962 (D. Colo. Oct. 15, 2020). *Id.* at 11.

Accordingly, Magistrate Judge Neureiter ordered Plaintiffs to designate the documents of interest from Defendant's privilege log. Defendant was to then deliver them to the Court for *in camera* review, at which time Magistrate Judge Neureiter would review the materials and make a final determination as to what ultimately should or should not be produced. Defendant objects to that Order. ECF No. 87. Plaintiffs responded to the objection. ECF No. 97.

## II.     LEGAL STANDARD

Under Rule 72(a) of the Federal Rules of Civil Procedure, a district court may reverse a magistrate judge's decision on a non-dispositive matter only if the decision is found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous standard ... requires that the reviewing court affirm unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "The contrary to law standard permits plenary review as to matters of law, but the Court will set aside a Magistrate Judge's order only if it applied the wrong legal

standard or applied the appropriate legal standard incorrectly." S*eidman v. Am. Fam. Mut. Ins. Co.*, No. 14-cv-3193-WJM-KMT, 2016 WL 6518254, at *1 (D. Colo. Nov. 3, 2016) (citations, internal quotations, and alterations omitted).

### III.   ANALYSIS

Defendant objects to Magistrate Judge Neureiter's order for *in camera* review of the allegedly privileged documents. Defendant argues that the Magistrate Judge erred when he found: (1) to the extent that calculations of the amount of the check were done by Defendant's litigation counsel, then counsel was acting as a claims adjuster and that information would not be privileged under the principles of *Menapace*, 2020 WL 6119962; and, (2) that Defendant waived the attorney-client privilege under the sword-shield doctrine to the extent that Defendant seeks to use the tender of the check to demonstrate its good faith handling of the claim while simultaneously withholding as attorney-client privileged the internal documents explaining the reasoning and calculation behind its decision to tender the check.

In a diversity case such as this one, the attorney-client privilege is governed by Colorado law. *People v. Trujill*o, 144 P.3d 539, 542 (Colo. 2006). Under Colorado law, "[t]he attorney-client privilege applies to confidential matters communicated by or to the client in the course of obtaining counsel, advice, or direction with respect to the client's rights or obligations," *id.* at 542, and "protects not only information and advice communicated from the attorney to the client, but also information given to the attorney to enable him to give sound and informed legal advice." *Gordon v. Boyles*, 9 P.3d 1106, 1123 (Colo. 2000).

5

"*In camera* review is appropriate when a party opposing assertion of the attorney-client privilege makes some showing that an exception to the attorney-client privilege applies or that the privilege has been waived either explicitly or impliedly." *Caldwell v. Dist. Court*, 644 P.2d 26, 32–33 (Colo.1982). "[B]efore engaging in an *in camera* review of an attorney's file, the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the claim that the attorney-client privilege does not protect all of the documents in the file. *Id.* (internal quotation marks omitted). Once a reasonable good faith basis has been shown, the court may exercise its discretion in deciding whether *in camera* review is appropriate after considering the facts and circumstances of the particular case. *Id.* The Court finds no clear error with Magistrate Judge Neureiter's decision to order *in camera* review because there is a good faith basis to believe that *in camera* review may reveal that one or more exceptions to the attorney-client privilege exists.

The Court finds no clear error with Magistrate Judge Neureiter's conclusion that "[t]o the extent litigation counsel was calculating the claim payment and then getting 'approval' from the supervisor to send the letter tendering the payment, litigation counsel was acting as a claims adjuster within the meaning of the *Menapace* decision." ECF No. 85 at 9. "Where an insurer utilizes an attorney to both handle claims adjusting activities and also to provide legal advice, the communications related to the claims handling functions (such as investigation, gathering and summarizing information, and valuation of the claim) are ordinary business activities of the insurance company typically handled by

6

an adjuster or investigator and thus are not entitled to attorney client privilege." *Menapace v. Alaska Nat'l Ins. Co*., 2020 WL 6119962, at *7 (citing *National Farmers Union Property & Casualty Co. v. District Court for the City and County of Denver*, 718 P.2d 1044, 1045-46 (Colo. 1986); *Munoz v. State Farm Mutual Automobile Insurance Company*, 968 P.2d 126, 130 (Colo. App. 1998). Although the communications at issue appear to be post-litigation communications, this Court does not read *Menapace* or Colorado law more broadly to impose such a bright line limitation. While post-litigation communications may be less likely to represent claims-handling activities, the facts matter. That appears to be precisely what Magistrate Judge Neureiter concluded in ordering an *in camera* review to fairly assess the situation.

Magistrate Judge Neureiter has not yet compelled production of documents. Rather, he has determined that *in camera* review may reveal that the documents are not privileged under *Menapace* and/or that privilege has been waived under the sword-shield doctrine. The threshold for *in camera* review is not a "stringent one." *United States v. Zolin*, 491 U.S. 554, 572 (1989) ("*In camera* inspection ... is a smaller intrusion upon the confidentiality of the attorney-client relationship than is public disclosure.") (internal quotation omitted). At this stage, the Court certainly cannot conclude that there has been no "showing of a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the claim that the attorney-client privilege does not protect all of the documents in the file." *Caldwell v. Dist. Court*, 644 P.2d 26, 32–33 (Colo.1982).

Defendant's objection is overruled.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Objection, ECF No. 87, is **OVERRULED** and Magistrate Judge Neureiter's Order, ECF No. 85, is **AFFIRMED.**

DATED: October 20, 2023

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

8